UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EMMANUEL CHAPPELL-BEY,      )
      )
      Petitioner,      )
      )
      v.      )
      )      Civ. Action No. 14-0685 (ESH)
ISAAC M. FULWOOD, JR.,      )
      )
      Respondent.      )
_____      )

MEMORANDUM OPINION

Petitioner, proceeding *pro se*, initiated this action by filing a document captioned:

"Petition for Writ of Mandamus to the United States District Court for the District of Columbia,

in Lieu of the U.S. Parole Commission's Statutory Violations of D.C. Code Violator's

Guidelines of Indeterminant [sic] Sentences of 1987 Guidelines, Pursuant to 28 U.S.C.A. (1653)

(A), the All Writs Act, and 28 U.S.C. § 1361." (Dkt. # 1.)  The government has responded by

documenting why the petition should be denied.  (*See* Fed. Resp't's Opp'n to Pet'r's Pet. for a

Writ of Mandamus [Dkt. # 8].)  On July 22, 2014, the Court informed petitioner that if he failed

to reply to the government's opposition by August 22, 2014, the opposition would be viewed as

conceded.  (*See* Order [Dkt. # 9.)  Petitioner has not filed a reply and the time for doing so has

long expired.

The government reasonably interprets the petition as seeking to compel the U.S. Parole

Commission "to render a parole revocation decision returning [petitioner] to confinement for a

period within a guideline range of 8-12 months."  (Resp't's Opp'n at 1.)  Mandamus to compel

agency action is "a drastic remedy, to be invoked only in extraordinary circumstances," and only

1

with "great caution." *Banks v. Off. of Senate Sergeant–At–Arms and Doorkeeper of U.S. Senate*, 471 F.3d 1341, 1349–50 (D.C. Cir. 2006) (citations and internal quotation marks omitted). In addition, mandamus petitions "are 'hardly ever granted.' " *Bond v. U.S. Dep't of Justice*, 828 F. Supp. 2d 60, 75 (D.D.C. 2011) (quoting *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005)). The minimum requirements for a writ of mandamus to issue are: (1) that the petitioner has a clear and indisputable right to relief, (2) that the respondent has a clear, nondiscretionary duty to act, and (3) that the petitioner has no other adequate remedy available to him. *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002); *see Nat'l Shooting Sports Found. v. Jones*, 840 F. Supp. 2d 310, 323 (D.D.C. 2012) ("Mandamus is inappropriate except where a public official has violated a 'ministerial duty.' ") (quoting *Consol. Edison Co. v. Ashcroft*, 286 F.3d 600, 605 (D.C. Cir. 2002)). Even if the plaintiff overcomes these hurdles, whether to issue the writ is discretionary, *In re Cheney*, 406 F.3d at 729, and typically requires the presence of "compelling equitable grounds." *Jones*, 840 F. Supp. 2d 310 at 323 (citations and internal quotation marks omitted).

The Court agrees with the government's unopposed argument that the instant petition fails to satisfy the requirements for issuing a writ of mandamus. (*See* Resp't's Opp'n at 3-7.) Hence, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

/s/ **Ellen Segal Huvelle**
ELLEN SEGAL HUVELLE
United States District Judge

Date: September 22, 2014